Judge Collet
delivered the opinion of the court:
The errors insisted on for the reversal of this judgment are:
1. That an action will not lie for the penalties demanded by the first and second counts.
2. That debt will not lie on the awardi
3. That'the third count is in case and not in debt.
4. That the second count is an agreement to pay a part of the crop raised on a farm, in kind, and debt will not lie for its nonpayment.
The submission of the parties of their controversy to arbitration, by the deed set out in the first count of the declaration, by there being no award made, without the fault of either party, became void. The penalty of one hundred dollars was not forfeited. The second submission was in writing, signed, but not sealed, by the parties. It referred to the first to show the matter submitted to the second set of arbitrators, and the terms on which it was sub *434 mitted. It must be construed as though the terms of the deed had been copied into it. It would then have been, as to the penalty, that for not performing the award, the party should forfeit one hundred, dollars.
An action will not lie on a contract for the recovery of a penalty, unless the action is a specialty, either a deed .or a * recog* nizance. A penal sum is an amount greater than the value of the' consideration, a forfeiture. In an action on a deed, the value of the consideration can not be shown to defeat altogether the action. Anciently, in an action of debt on a penal bond, the penalty was recovered and really made on execution, but since the principles of justice have been understood by the courts and people, and her dictates obeyed, the penalty is only nominally recovered, but no more than the value of the consideration, the condition of the bond can be collected of the obligor. In actions on contracts not under seal, no more than the value of the consideration, or damages sustained by the breach of contract, can be even nominally recovered.
The caption of a declaration in debt, “ that the defendant render to the plaintiff the sum of,” etc., is no part of the declaration, and on special demurrer, if justice require it, will be rejected as surplusage. 1 East, 62; 1 Saund. Pl. & Ev. 405.
So the clause in the count, “ whereby an action has accrued to the plaintiff to demand and have of the defendant,” etc., after verdict, will undoubtedly be rejected as surplusage. If the facts stated in the declaration are sufficient to sustain the action, it-is a conclusion of law that the action thereby accrues, etc., and if they are not sufficient, the attorney’s conclusion of “ whereby an action has accrued,” etc., is false, and of no avail. 2 Chit. Pl. 142, note; 1 Saund. Pl. & Ev. 405.
'The submission and the award are set out in the first count of the declaration and a breach of the award. The award is that Nelson should pay Ford fifty dollars in corn, at twenty-five cents a bushel. On Nelson not paying according to these terms, an action accrued to Ford to recover of Nelson fifty dollars, a liquidated amount. Debt lies for a sum certain; for liquidated damages. 1 Chit. Pl. 101; Bac. Ab., Debt, note.
On the circuit this court has often decided that on a sealed bill to pay a certain sum, in trade generally, or in houses or land, or corn, either debt or covenant would lie. We see no good reason why debt should not be sustained on this award. The sum to be *435 recovered is ascertained; the measure of the recovery, the rules of evidence and of pleading *are substantially the same, whether the action is debt or assumpsit. Rejecting the conclusion, “whereby an action has accrued to demand the one hundred dollars,” the law supplies, whereby an action accrued to demand fifty dollars. We see no valid objection to this count.
The third count is on the award. It omits the common clause, “ whereby an action accrued to demand,” etc., and concludes as a •count or declaration in assumpsit, “whereby the plaintiff has sustained damage, etc.” We have just said that the law supplies, whereby an action accrues, etc., which would make it formal. After verdict, the objection can not be sustained by the court. 1 Saund. Pl. & Ev. 405.
The second count is on the lease not under seal, whereby Nelson agreed to pay Ford a proportion of the crop raised by Nelson on the leased premises. The penalty of two hundred and fifty dollars contained in this lease must, we have said, be rejected. The value of the rents are not stated in the lease, the damages are not liquidated, nor is there any provision, in any event, to pay their value in money. An action of debt, therefore, can not, on this lease be sustained. This count is, therefore, bad. The verdict was general. And the law or rule in such cases is, that the judgment must be reversed. Cowp. 276; 29 Ohio L. 80, sec. 116.
Lord Mansfield says of this rule of law: “I have exceedingly lamented that ever so inconvenient a rule should have been established as that, where there are several counts, entire damages and one count is bad, and the others not, this shall be fatal, upon the factitious reasoning that the jury has assessed damages on all, although in truth they never thought of the different counts, but the verdict was so taken from the inadvertence of counsel in the hurry of nisi prius. And what makes this much more absurd is, that it does not hold in the case of er iminal prosecutions, for .when there is a general verdict of guilty, on an indictment consisting of several counts, if any one of them is good, that is held sufficient.” Doug. 730. Notwithstanding this, the practice is settled here, and out of our reach by being recognized by the legislature.